IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>   v.<br>WILLIAM J. "BOOTS" DEL BIAGGIO, III.,<br>    Defendant.                          / | No. CR 08-00874 CRB<br><br>**ORDER** |

On February 4, 2009, defendant William "Boots" Del Biaggio, III pled guilty pursuant to a plea agreement to defrauding a litany of institutions and individuals of millions of dollars. Attached to the plea agreement are exhibits that identify the victims by name and the amounts each victim loaned to or invested with defendant. Now pending before the Court is the government's application to seal from public view those exhibits.

The government's application is DENIED without prejudice. "The public and the press have a right of qualified access to plea agreement documents under the first amendment." Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon, 920 F.2d 1462, 1467 (9th Cir. 1990). "The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no

alternatives to closure that would adequately protect the compelling interest." United States v. Biagon, 510 F.3d 844, 848 (9th Cir. 2007) (internal quotation marks and citations omitted). "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." Id.

The government's application does not meet these requirements. The lack of support for the application is especially apparent given that, as one of the victims observes in a written opposition to the government's motion, the names of the victims and the amounts defrauded have been in the public domain since defendant's company filed for bankruptcy in June 2008. Moreover, the government's application is overbroad as the government seeks to seal the exhibits in their entirety unless and until a victim consents to disclosure; such a sealing order would deprive the public of information concerning the scope and breadth of the offenses to which defendant pled guilty and for which he will be sentenced.

Accordingly, the government shall file an unredacted copy of the plea agreement and attached exhibits on or before Wednesday, February 18, 2009. If the government wishes to move again for a sealing order, it shall file a properly-supported motion on or before Feb. 18, 2009 and notice it for public hearing at 2:15 p.m. on February 25, 2009.

**IT IS SO ORDERED.**

Dated: Feb. 12, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE